UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE SPAN,

        Petitioner,

                                CASE NO. 09-CV-13513
v.                             HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PROTECTIVE HABEAS CORPUS PETITION, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.**     **Introduction**

        This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Dewayne

Span ("Petitioner") has filed a "Protective Habeas Corpus Petition" challenging his convictions for

second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp.

Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws

§ 750.227b, which were imposed following a jury trial in the Wayne County Circuit Court in 2005.

Petitioner was sentenced to 30 to 50 years imprisonment on the murder conviction, a concurrent

term of one to five years imprisonment on the felon in possession conviction, and a consecutive term

of two years imprisonment on the felony firearm conviction. Petitioner has also filed a motion for

the appointment of counsel. For the reasons stated, the Court dismisses without prejudice the

protective habeas corpus petition and denies Petitioner's motion for appointment counsel. The Court

also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

## II.   Facts and Procedural History

Petitioner's convictions arise from the shooting death of Tywan Lawrence outside a Detroit bar on November 11, 2004. Following his convictions and sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals raising claims concerning judicial bias, a limitation on cross-examination, prosecutorial misconduct, and the denial of funds for an identification expert. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Span*, No. 264030, 2007 WL 28422 (Mich. Ct. App. Jan. 4, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as a request for remand on claims concerning the suppression of evidence, res gestae witnesses, and the effectiveness of trial and appellate counsel as to those issues. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Span*, 478 Mich. 926, 732 N.W.2d 889 (June 26, 2007).

Petitioner states that he filed a motion for relief from judgment with the state trial court on June 20, 2008 raising claims concerning the suppression of evidence, perjured testimony, the effectiveness of trial and appellate counsel, the racial composition of the jury, the waiver of his right to testify, cumulative error, and actual innocence. The trial court denied the motion on September 17, 2008 and denied reconsideration on December 11, 2008.

Petitioner dated the instant petition on August 31, 2009. He states that he is "now preparing" his application for leave to appeal in the Michigan Court of Appeals, as well as a motion for remand on a jury verdict form claim. Petitioner states that his habeas petition contains both exhausted and

unexhausted claims[1] and asks the Court to hold the petition in abeyance due to concerns about the one-year statute of limitations applicable to federal habeas actions.

## III.   Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner acknowledges that he has filed (or intends to file) a "mixed" habeas petition, containing both exhausted and unexhausted claims.  He further states that he is the process of appealing the state trial court's denial of his motion for relief from judgment concerning the convictions challenged in this petition.  Petitioner must complete the state court process before seeking habeas relief in this Court.  *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).  Federal habeas law provides that a habeas petitioner is only entitled to relief if  he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.  Even if

---

[1]Petitioner does not set forth his actual habeas claims in his petition, but presumably he intends to pursue relief on the claims he raised in the state courts on direct appeal and collateral review of his convictions.

Petitioner's motion/appeal does not involve some or all of his current habeas claims, that proceeding may result in the reversal of his convictions on another ground, thus mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008); *Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, *3 (E.D. Mich. Aug. 6, 2001); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916, *2 (E.D. Mich. April 13, 2000).

Petitioner asks the Court to hold his petition in abeyance pending the resolution of his motion for relief from judgment in the state appellate courts. A federal district court has discretion to stay mixed habeas petitions, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about September 24, 2007. The one-year period ran until June 20, 2008 when Petitioner filed his motion for relief from judgment in the Wayne County Circuit Court. The one-year period was then tolled during the time in which his motion for relief from judgment was pending, and will also be tolled for his related appeals, as long as they are properly filed. *See* 28

4

U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).[2]  Petitioner admits that he will have approximately three months remaining of the one-year period in which to seek habeas relief following the conclusion of state collateral review.  Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court.  Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court on habeas review.  Lastly, Petitioner's unexhausted claims (as contained in his state court motion for relief from judgment) appear to concern matters of federal law which may warrant further review.  Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## IV.   Conclusion

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition and that he must fully exhaust all of his claims in the state courts before proceeding in federal court on habeas review.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the protective habeas corpus petition.  Given this determination, the Court also **DENIES** Petitioner's motion for appointment of counsel.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only

---

[2]While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  In this case, such federal time is inconsequential as it will be subsumed within the state appellate period and tolled on that basis – as long as Petitioner's appeals are properly filed.

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal in forma pauperis as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 14, 2009.


S/Denise Goodine
Case Manager

6